Ronald J. GOLDBERG, Appellant,

v.

MCCI Warden Ronald BONAFORTE Warden; United States Marshals Service; Attorney General of the United States Alberto R. Gonzales.*

No. 05–1571.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 May 19, 2005.

Decided June 24, 2005.

Raymond B. Grunewald, Pollack & Greene, New York, NY, for Appellant.

Irene Dowdy, Office of United States Attorney, Trenton, NJ, for Appellees.

Before RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Ronald J. Goldberg was convicted in the United States District Court for the Southern District of Florida of Interstate Transportation of Stolen Securities and related crimes. After an appeal, the court resen-

* Pursuant to F.R.A.P. 43(c).

tenced Goldberg to 125 months' imprisonment. Goldberg thereafter pursued various attempts at collateral relief, including an unsuccessful motion pursuant to 28 U.S.C. § 2255.

In July 2004 Goldberg filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 complaining that the sentencing judge did not mention supervised release during the oral pronouncement of his sentence and that his sentence is unconstitutional in light of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).[1] He argues that he should be allowed to proceed under section 2241 rather than section 2255 because his *Blakely* claim fits the exception set forth in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).

The District Court granted the government's motion to dismiss for lack of jurisdiction, explaining that section 2255 is not rendered inadequate or ineffective merely by the petitioner's inability to meet the stringent requirements for filing second or successive section 2255 motions. The court relied in part on our decision in *Okereke v. United States*, 307 F.3d 117 (3d Cir.2002), where we explained that the *Dorsainvil* exception is reserved for those rare situations, where an intervening change in the law decriminalized the actions for which the prisoner was convicted and thus rejected the appellant's contention that a claim pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), may be presented via section 2241. This appeal followed.

The government has moved for summary affirmance.[2]

We agree with the District Court. Because Goldberg is challenging the sentence imposed, and because he does not allege that the actions for which he was convicted have since been decriminalized, the proper avenue for relief is section 2255. Accordingly, we grant the government's motion and will affirm the judgment of the District Court.

---

1. Because Goldberg is a federal prisoner sentenced under the U.S. Sentencing Guidelines, his claim is better expressed in terms of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (applying *Blakely* to the federal guidelines). Of course, this makes no difference to the outcome of this appeal.

2. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. *Roussos v. Menifee*, 122 F.3d 159 (3d Cir.1997).